## TEXAS & P. RY. CO. v. DUNCAN.
### (No. 1877.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 3, 1918. Rehearing Denied Jan. 17, 1918.)

1. MASTER AND SERVANT ⬩121(1)—INJURIES TO SERVANT—WARNING.

A railroad company employing a night watchman to patrol their premises inside and outside of a roundhouse owes to such watchman the duty to keep a drop pit in the roundhouse covered or to warn him of its uncovered condition.

2. MASTER AND SERVANT ⬩289(1)—INJURIES TO SERVANT—QUESTION OF FACT—CONTRIBUTORY NEGLIGENCE

In an action by a night watchman injured through falling into a drop pit in the roundhouse, whether or not an ordinarily prudent person would go into such roundhouse without using a searchlight with which he was provided was a question for the jury.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by A. B. Duncan against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

At 7 o'clock p. m. of October 3, 1916, the appellee entered the service of appellant at Marshall as special night watchman of the

premises inside of the roundhouse and outside around the front and back of the same. His duties required him to keep watch upon the premises and to prevent any probable threatened interference on the part of certain colored persons with the work of colored employés in the roundhouse. The appellee was furnished by appellant with an electric flashlight to use in going around the roundhouse premises. Shortly after 9 o'clock, while on a tour of inspection of the premises, the appellee fell into a pit, called the drop pit, sustaining serious bodily injuries. The pit is situated within the roundhouse, and is 14 feet deep, about 10 feet wide, and extends between 20 and 30 feet east and west under and at right angles to two tracks. When not in actual use, it is covered with planks 2 inches thick and about 12 feet long, and at night has an electric light burning over it. The night appellee was injured the light was not burning, and a portion of the pit was left open and uncovered, and was not in actual use. The appellee did not know of the location of the pit, and did not know that it was open and uncovered; and there is nothing in the evidence tending to show that appellee's duty did not call upon him to pass the way he was going when he fell into the pit, and there is lack of any circumstances indicating that appellee may have expected an open pit. The roundhouse is in the shape of a semicircle with the open side to the south. The turntable is towards the south, and the tracks leading into the roundhouse diverge from the center of the turntable in a fanlike shape toward the north. The pit is under the two western tracks in the roundhouse, and is used to remove and disconnect the large driving wheels from an engine by lowering them into the pit by means of machinery situated down in the pit. After they were lowered into the pit they are shifted to one side and raised up in line with another track and they are rolled off on this other track. Appellee, being at the time south of the pit, started northward and walked into the pit. The place was dark, and appellee did not use his flash light. The petition alleges that the appellant negligently left the pit open and unclosed and not lighted. The defendant, besides denial, pleaded that plaintiff was himself negligent in not using the flash light provided him. The jury found for plaintiff, and found that he was entitled to recover $2,500, but diminished the amount to $1,250 on account of contributory negligence. The evidence warrants the finding that the appellant was guilty of negligence proximately causing the injury, as pleaded, in leaving the pit open and uncovered. The amount of the verdict is warranted by the evidence. The finding of the jury as to contributory negligence is sustained.

F. H. Prendergast, of Marshall, for appellant. S. P. Jones, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). Appellant presents the question in two views: One is that as a matter of law the company did not owe the protection to appellee to keep the pit covered, and the other is that the jury should decide whether that particular duty of keeping the pit covered was in fact a duty owing appellee. The appellee testified that:

"My duties require me to go around on the inside of the roundhouse and outside, around front and back. * * * In the discharge of my duties I kept moving around through the roundhouse, first one place and then another."

[1] The drop pit, it appears, was in the roundhouse, and, according to the witness Bell, "there is only one drop pit in the roundhouse." And there appears no evidence that appellee's duty did not require him to be upon that portion of the premises of the roundhouse where the pit was situated. If, as appears, the appellee's duties as watchman required him to patrol and watch the premises of the roundhouse "inside of the roundhouse and outside around front and back," and there was, as appears, a pit within the roundhouse premises, then it may not be said that appellant did not owe the appellee the duty to keep the pit covered, or inform or warn him of its being there in that uncovered condition.

The court, in the eighth paragraph of the charge, in effect instructed the jury that in order to find for the plaintiff the company must have been negligent in leaving the pit open and uncovered, and such negligence must have resulted in injury to plaintiff. The court further instructed the jury that:

"The evidence in this case shows that the plaintiff was in the employ of the defendant and received some injuries by falling into an open pit, but this is not sufficient alone to justify you in finding a verdict in his favor. But if you find a verdict for him you must find that the railroad company was negligent, and that it neglected some duty it owed to the said Duncan. If you believe from the evidence that the defendant did not owe to Duncan the duty of keeping the pit, while open, guarded or protected by lights or other warning signals, you will find for the defendant."

It is concluded that in the record the points made should not be sustained for reversal of the case, and that the assignments of error numbered 1, 2, 3, 5, 6, 8, and 11 should be overruled.

The question of the plaintiff's negligence in failing to use the flash light furnished him was sufficiently submitted to the jury in the court's charge, and assignments of error Nos. 4 and 7 are overruled.

As to whether the amount of the verdict is excessive depends on the extent of the injury and pain and suffering and lost time sustained by the appellee, and the award made by the jury is not without any evidence to warrant it. The assignments are overruled.

[2] Appellee's cross-assignment of error is overruled. The question of whether or not an ordinarily prudent person would go into

a dark place without using a search light in the hands at the time was a question for the jury, as submitted by the court.

The judgment is affirmed.